IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Postsentence Review of | ) ) ) | No. 39739-4-III |
| ALEXANDER YELL. | ) ) ) | UNPUBLISHED OPINION |

STAAB, A.C.J. — The Department of Corrections (DOC) filed this petition alleging three errors in Alexander Yell's judgment and sentence. The State concedes on all issues. First, DOC argues that the superior court erred by imposing 195 months of confinement for first degree robbery with a firearm enhancement. The proper sentencing range for this offense is 117 to 135 months. Second, DOC argues that the superior court erred by imposing 120 months of total confinement for second degree assault with a firearm enhancement. The proper sentencing range for this offense is 58 to 65 months. Third, DOC argues that the superior court erred by imposing 195 months as the actual number of months of total confinement. The proper range for total confinement is 153 to 171 months. We grant DOC's petition and remand for resentencing.

No. 39739-4-III
*In re Postsentence Review of Yell*

BACKGROUND[1]

Yell was found guilty of three criminal counts committed on November 26, 2021 by a jury verdict on October 3, 2022. The superior court sentenced Yell on February 13, 2023. Count 1 is first degree robbery with notice of firearm allegation and enhancement, a class A felony. Count 2 is second degree assault with notice of firearm allegation and enhancement, a class B felony. Count 3 is first degree unlawful possession of a firearm, a class B felony.

The superior court found that Yell used a firearm in the commission of the robbery and the assault.

The court completed the sentencing data as follows:

2.3 **Sentencing Data**:

| Count No. | Offender Score | Serious-ness Level | Standard Range (not including enhancements) | Plus Enhancements* | Total Standard Range (including enhancements) | Maximum Term |
|---|---|---|---|---|---|---|
| 1 | 5 | IX | 57-75 months | 60 months consecutive 60 months | ~~177-195~~ months 117-135 | Life / $50,000 fine |
| 2 | 5 | IV | 22-29 months | 60 months Consecutive 60 months | ~~120-120~~ months 82 - 89 | 10 Years / $20,000 fine |
| 3 | 3 | VII | 31-41 months | | 31-41 months | 10 Years / $20,000 fine |

PSP Ex. 1 at 2.

---

[1] The factual background is derived from the post-sentence petition and exhibits submitted by DOC. The State does not offer nor contest the facts in its reply. There is no record available.

2

Yell was sentenced to 195 months for robbery, 120 months for assault, and 41 months for possession. The actual number of months of total confinement ordered was 195 months. The confinement time for robbery and assault each includes a 60 month firearm enhancement.

## ANALYSIS

DOC argues, and the State concedes, that a single 60-month firearm enhancement should have been added to the standard range of 57 to 75 months, resulting in a maximum 135-month sentence for first degree robbery.

The standard of review in a postsentence petition initiated by the department is "limited to errors of law." RCW 9.94A.585(7); *In re Postsentence Review of Milne*, 7 Wn. App. 2d 521, 523, 435 P.3d 311 (2019). Issues of law and statutory construction are reviewed de novo. *Id*.

First degree robbery is a class A felony. RCW 9A.56.200(2). Yell's offender score was 5 and the seriousness level of the offense is IX. On this axis, the standard sentencing range is 57 to 75 months. RCW 9.94A.510. Because he was armed with a firearm, an additional five years or 60-months "shall be added to the standard sentence range" for a class A felony, RCW 9.94A.533(3)(a), resulting in a standard range of 117 to 135 months. The court sentenced Yell to 195 months total confinement for the robbery.

Next, DOC argues, and the State concedes, that the standard range sentence for the second degree assault conviction was 22 to 29 months plus a 36-month firearm enhancement for a total sentencing range of 58 to 65 months.

Second degree assault is a class B felony. RCW 9A.36.021(2)(a). The standard sentencing range when the offender score is 5 and the seriousness level is IV is 22-29 months. RCW 9.94A.510. If the offender was armed with a firearm, an additional three years or 36 months "shall be added to the standard sentence range" for a class B felony. RCW 9.94A.533(3)(b).

Here, the superior court improperly imposed a 60-month enhancement on the assault charge instead of the correct 36-month enhancement. The court's sentence of 120 months on this offense was outside the standard range of 58 to 65 months.

Finally, DOC argues, and the State concedes, that the maximum total confinement is 171 months: a base sentence of 75 months, plus a 60-month firearm enhancement for the robbery, plus an additional 36-month firearm enhancement for the assault.

When multiple sentences are imposed for offenses encompassing the same criminal conduct, the sentences are served concurrently. RCW 9.94A.589(1)(a). Firearm enhancements are mandatory and "run consecutively to all other sentencing provisions, including other firearm . . . enhancements." RCW 9.94A.533(3)(e); *State v. DeSantiago*, 149 Wn.2d 402, 416, 68 P.3d 1065 (2003).

4

The actual number of months of total confinement is the longest sentence of those running concurrently plus each of the firearm enhancements that run consecutively. Therefore, the actual number of months of total confinement should be the base sentence of 57 to 75 months, plus 60-months for the firearm enhancement for the robbery, plus 36-months for the firearm enhancement for the assault, totaling 153 to 171 months.

We grant DOC's petition and remand the case to the superior court to impose a sentence within the proper sentencing range.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Cooney, J.

5